**Harris L. KIMBALL, Plaintiff–Appellant,**

v.

**THE FLORIDA BAR et al.,
Defendants–Appellees.**

No. 79–1781.

United States Court of Appeals,
Fifth Circuit.

Dec. 18, 1980.

Louis M. Jepeway, Jr., Miami, Fla., for plaintiff–appellant.

---

Darrey A. Davis, Charles A. Kimbrell, Reginald L. Williams, Miami, Fla., for The Florida Bar.

Kendrick Tucker, Deputy Atty. Gen., for Florida Supreme Court and Justices.

Before HENDERSON, POLITZ and WILLIAMS, Circuit Judges.

POLITZ, Circuit Judge:

This case is before us for the second time. On the first review, finding that the district court had inappropriately abstained, we reversed and remanded. *Kimball v. Florida Bar*, 537 F.2d 1305 (5th Cir. 1976). Harris L. Kimball now appeals the district court's dismissal, for lack of jurisdiction, of his claims under 42 U.S.C. § 1983, arising out of his disbarment in 1957.

Kimball was disbarred by order of the Florida Supreme Court for engaging in a homosexual act on a public beach, *State v. Kimball*, 96 So.2d 825 (Fla.1957). The Florida Bar Board of Governors recommended disbarment after an investigation and hearing. Kimball did not appear and made no filing in opposition with the Florida Supreme Court which adopted the recommendations of the Board of Governors. Nor did Kimball petition the United States Supreme Court for review of the order of the Florida Supreme Court. Rather, seventeen years later he filed the instant civil rights suit in which he seeks declaratory and injunctive relief. The district court dismissed for lack of subject matter jurisdiction.

Kimball assigns five–fold error: (1) his disbarment violates the due process clause because the basis for his disbarment is not related to his fitness to practice law, (2) Rule 11.02(3)(a) of Article XI of the Integration Rule of the Florida Bar[1] is unconstitutionally vague and overbroad, (3) his disbarment violated his rights to privacy and equal protection, (4) the district court erred in dismissing the complaint on the basis of res judicata because the federal constitutional issues were not considered in the state court proceedings, and (5) the district court erred in transferring venue.[2] We address only jurisdiction because it is a threshold and dispositive issue.

Stripped to its essentials, Kimball's petition for declaratory and injunctive relief[3] asks the federal district court to reverse a final, definitive state court order. As we stated in *Lampkin–Asam v. Supreme Court of Florida*, 601 F.2d 760 (5th Cir. 1979): "This Court has held on numerous occasions that federal district courts do not have jurisdiction under 42 U.S.C. § 1983 or any other theory to reverse or modify the judgments of state courts." We echo that it "is axiomatic that a federal district court, as a court of original jurisdiction, lacks appellate jurisdiction to review, modify, or nullify a final order of a state court. 28 U.S.C. § 1257(3)." *Id.* The proper forum for the relief Kimball now seeks was the United States Supreme Court.

We recently addressed this factual and legal situation in *Sawyer v. Overton*, 595 F.2d 252 (5th Cir. 1979), in which an attorney who had been suspended filed a petition under § 1983 seeking declaratory and in-

---

1. Rule 11.02(3)(a) provides in part:

    The commission by a lawyer of any act contrary to ... good morals, whether the act is committed in the course of his relations as an attorney or otherwise ... constitutes a cause for discipline.

2. Kimball also contends that Rule 11.02(3)(a) is unconstitutional on its face because it provides that an attorney can be disbarred for an act totally unrelated to his professional fitness or ability. This issue is now moot because of the Florida Supreme Court's ruling in *In re Florida Bd. of Bar Examiners*, 358 So.2d 7 (Fla.1978), wherein the court stated that in determining

fitness for admission to the bar, state courts must meet the standard imposed by the due process clause of the Fourteenth Amendment, namely, a rational connection must exist between the questioned conduct and the fitness to practice law.

3. Kimball seeks a judgment declaring that his disbarment was unconstitutional and thus null and void *ab initio*. He does not merely seek current reinstatement; he seeks to vitiate the order of disbarment. He also seeks a judgment declaring Rule 11.02(3)(a) unconstitutional and he seeks to enjoin defendants from further disciplinary proceedings.

junctive relief "vacating the opinion of the Florida Supreme Court ordering the ... suspension of plaintiff." The district court dismissed for want of jurisdiction. We affirmed, stating:

Among the several answers to plaintiff's claim, a basic and dispositive one is that we hold no warrant to review final judgments of the Florida Supreme Court. That power is reserved to the Supreme Court of the United States. Complaining of constitutional violations, Mr. Sawyer has cast his complaint in the form of a civil rights suit. What he seeks, however, is simply reversal of the state court judgment. We have scrutinized the state proceedings and find them to be manifestly judicial ones. They could have been reviewed in the Supreme Court. *In re Summers*, 325 U.S. 561, 65 S.Ct. 1307, 89 L.Ed. 1795 (1945). Mr. Sawyer has boarded the wrong flight.

Kimball's complaint is cast in the mold of a civil rights suit under § 1983 but he primarily seeks reversal of a state court order. Like Sawyer he has chosen the wrong vehicle at the wrong time.

The district court is AFFIRMED.