Robert Earl McCOY, Plaintiff-Appellant,

v.

Judge Marcus D. GORDON, et al., Defendants-Appellees.

No. 83–4236.

United States Court of Appeals, Fifth Circuit.

July 22, 1983.

Robert Earl McCoy, pro se.

William S. Boyd, III, Asst. Atty. Gen., Bill Patterson, Sp. Asst. Atty. Gen., Jackson, Miss., for defendants-appellees.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

PER CURIAM:

Having granted the petitioner the right to appeal in forma pauperis, we have, *sua sponte,* reviewed the record in this case and concluded that some of the issues sought to be raised on appeal are frivolous. We, therefore, dismiss the appeal as to those defendants against whom the appeal is patently insubstantial and we also dismiss all but the nonfrivolous claims asserted against the remaining defendant.

The petitioner, Robert Earl McCoy, is serving a life sentence for murder. He brought this civil rights suit against a state judge, various county officials, and his own trial lawyers, complaining of actions during his trial and his confinement in the Leake County, Mississippi, Jail. The district court dismissed the action as to the defendant state officials on the grounds of their absolute and qualified immunity, and granted summary judgment in favor of McCoy's trial attorneys because McCoy's complaint failed to state a cause of action.

Because some of the allegations of the complaint as to Jailor Brown are not frivolous, we have granted leave to appeal in forma pauperis. However, as to the other defendants, the appeal is completely meritless, and, it likewise lacks all substance as to some issues raised against the jailor. We consider first our power to decide the frivolous nature of these claims *sua sponte.*

A court of appeals has discretion to dismiss an appeal for want of a substantial question. *Wallach v. Cannon*, 357 F.2d 557 (8th Cir.1966) (per curiam). However, motions seeking dismissal for frivolousness should be granted only in extreme cases. *Moist v. Belk*, 380 F.2d 721 (6th Cir.), *cert. denied*, 389 U.S. 960, 88 S.Ct. 338, 19 L.Ed.2d 369 (1967). *A fortiori*, therefore, *sua sponte* dismissals should be rarely granted.

Fifth Circuit Local Rule 20 provides: "If upon the hearing of any interlocutory motion or as a result of a review under Rule 14, it shall appear to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed." In order to determine whether to grant McCoy the right to appeal in forma pauperis, it has been necessary for us to review the grounds for his suit. If the appeal is patently frivolous as to some of the defendants, it would be an utter waste of the pro se prisoner's time to require him to brief these issues. Responding to his brief would impose both burden and expense on those defendants. Another panel of this court would be required once again to review the case. Both justice and economy are served by prompt recognition of the inevitable. We proceed, therefore, to determine whether some of the claims presented are so insubstantial as to warrant their dismissal *sua sponte*.

Defendant Gordon is the state judge before whom McCoy appeared. He was charged with violating McCoy's right to a speedy trial, to allocution, and to a phone call by finding McCoy incompetent to stand trial and ordering him held in County Jail pending transfer to a hospital for psychiatric treatment. McCoy also alleged that Judge Gordon violated his rights by not dismissing the case when McCoy was found incompetent to stand trial and by denying him leave to change counsel on the morning of trial. In an attempt to amend his complaint, McCoy also asserted that Judge Gordon failed to rule on a state habeas corpus petition. McCoy also alleged that the prosecuting attorney, Williamson, and the county attorney, Cotten, violated his rights by presenting perjured testimony and prejudicial statements about his character at trial.

The district court correctly held that Judge Gordon and attorneys Williamson and Cotten are absolutely immune because their actions involved judicial and prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 430–31, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976); *Pierson v. Ray*, 386 U.S. 547, 553–54, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967).

McCoy also sued Phillips and Abrams, the private attorneys who represented him. The only allegation about them that would support the state action requirement of Section 1983 is McCoy's statement that the two "acutely and prejudicially discriminated" against him by working "in collusion" with the other defendants. 42 U.S.C. § 1983 may be invoked only if the plaintiff was injured as a result of state action. The fact that Phillips was court-appointed does not supply state action. *United States ex rel Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir.1976) (per curiam).

McCoy alleged that Jailor Brown allowed trusty inmates to take McCoy's property. While a claim of negligent deprivation of property does not state a cause of action under § 1983 if adequate state remedies exist, a charge that a state official intentionally deprived the plaintiff of property or knowingly permitted another person to do so states a claim. *See Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). The allegation of the complaint implies that Jailor Brown acted with intent. We do not intimate any opinion on the merits of this issue but note only that it is not frivolous.

The district judge dismissed this claim on the basis of the defendant's qualified immunity. The application of qualified immunity is a fact question. The substantive issue McCoy raises is whether the district court erred in sustaining the defense as a matter of law. *See Barker v. Norman*, 651 F.2d 1107, 1120–21 (5th Cir.1981). Again, we do not intimate any opinion on

the merits of this question, but it is not frivolous.

 The allegations against Sheriff Thaggard and the other allegations against Jailor Brown are conclusory and insufficient on their face to state a cause of action. The allegation that Brown "violated my rights, medical treatment [and] medication" and denied McCoy "rights to psychiatric treatment, Medical treatment and Medication" does not supply sufficient facts to show the deliberate indifference to medical needs required to state a cause of action for cruel and unusual punishment under *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The allegation that Brown forced petitioner McCoy to live "in a filthy condition," is equally vague and does not state a constitutional violation. The allegations that Thaggard denied McCoy a phone call as well as a shave and haircut before his trial and that Brown kept the window locked and yelled at him allege such trivial injury as not to constitute deprivation of a constitutional right. *Raymon v. Alvord Independent School District,* 639 F.2d 257 (5th Cir.1981). The alleged deprivation of his right to make a telephone call and to have a shave and a haircut are isolated instances not sufficient to warrant injunctive relief and not sufficient, for the same reason, to constitute constitutional violations.

For these reasons, the appeal is DISMISSED as to all defendants except Jailor Brown. Briefs on the merits should discuss fully the issues as to his liability.