817 F.2d 105
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Wilfred SIMPSON, Plaintiff-Appellant,
v.
STATE OF TENNESSEE, Financial Institution Services
Incorporated and Martha Ann Zeliff Simpson,
Defendants-Appellees.
 No. 87-5034.
 United States Court of Appeals, Sixth Circuit.
 May 1, 1987.
 
 Before LIVELY, Chief Judge, and ENGEL and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff moves this court for an injunction against the defendants during the pendency of this appeal. Pursuant to Rule 9(a), Rules of the Sixth Circuit, this appeal has been referred to a panel of the court for consideration. After examination of the record and briefs, the panel unanimously concludes that oral argument is not needed. Rule 34(a), Fed.R.App.P.
 
 
 2
 Plaintiff filed a civil rights action in the district court regarding matters relating to his divorce proceedings in Tennessee. The complaint alleged: 1) he did not receive notice of the oral argument before the Supreme Court of Tennessee; 2) the State of Tennessee erred in entering a judgment against the plaintiff; 3) his pro se motion for rehearing and request for a copy of the record and transcript of the Tennessee action was denied; 4) the award of alimony by the Tennessee court was inappropriate; 5) his wife's employer, the Financial Institution Services, Inc. assisted his wife in the divorce proceedings; and 6) the publishing of the court's holding in a newspaper "constitutes a malice defamation with a total reckless blatant disregard for a government agency." He sought an injunction requiring the Tennessee courts to maintain the status quo of the parties, provide a complete transcript and record, appoint a special master to hear and receive evidence, award compensatory damages of $60,000.00 to be paid to the United States Treasury to defray his medical costs and a permanent injunction "directing defendants to leave plaintiff alone." The magistrate entered a report and recommendation recommending that the action be dismissed as frivolous under 28 U.S.C. Sec. 1915(d). The district court adopted the report and recommendation and denied the subsequent motion for reconsideration.
 
 
 3
 The complaint was properly dismissed as to the State of Tennessee. This action seeking to impose liability payable from public funds in the state treasury is foreclosed by the eleventh amendment since the state did not consent to the suit. Edelman v. Jordan, 415 U.S. 651 (1974); Berndt v. State of Tennessee, 796 F.2d 879 (6th Cir.1986). However, the eleventh amendment bar does not preclude suits for money damages against state officers in their individual capacities. Scheuer v. Rhodes, 416 U.S. 232 (1974); Foulks v. Ohio Department of Rehabilitation and Correction, 713 F.2d 1229 (6th Cir.1983). Simpson appears to allege that the judges in Tennessee violated his rights. Judges, however, are absolutely immune from suit. Stump v. Sparkman, 435 U.S. 349, reh. denied, 436 U.S. 951 (1978); King v. Love, 766 F.2d 962 (6th Cir.), cert. denied, --- U.S. ---, 106 S.Ct. 351 (1985).
 
 
 4
 No cause of action has been stated as to the private defendants. Simpson has failed to allege that Martha Simpson and the Financial Institution Services, Inc. acted under color of state laws, nor has he alleged that there was a conspiracy between them and the state to violate his rights. Dennis v. Sparks, 449 U.S. 24 (1980).
 
 
 5
 Viewing the documents filed in this court and the district court on the whole, it appears that Simpson is essentially seeking reversal of the state court decision. Review of state court decisions under the guise of 42 U.S.C. Sec. 1983 actions is not appropriate. Brinkmann v. Johnston, 793 F.2d 111 (5th Cir.1986); Hale v. Harney, 786 F.2d 688 (5th Cir.1986); Kimball v. The Florida Bar, 632 F.2d 1283 (5th Cir.1980).
 
 
 6
 The motion for injunction is denied. The order of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.