Terry Ray JAMES, Plaintiff-Appellant,

v.

Warden ALFRED and Lieutenant Gilmore, Defendants-Appellees.

No. 87–2540
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 14, 1988.

Rehearing Denied Feb. 11, 1988.

---

Terry Ray James, pro se.

Anthony J. Nelson, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Michael F. Lynch, Austin, Tex., for defendants-appellees.

Before POLITZ, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

## OPINION ON REHEARING

POLITZ, Circuit Judge:

The application for rehearing is GRANTED. The opinion reported at 832 F.2d 339 is withdrawn and the following is substituted. After conducting a *Spears* hearing, the district court dismissed the *pro se* § 1983 suit by Terry Ray James, exercising the authority granted by 28 U.S.C.

§ 1915(d). For the reasons assigned, we affirm.

The genesis of this case is an incident that allegedly occurred in 1984 when James made a request of his jailers that he said resulted in their physically assaulting him. The district court afforded James an opportunity to orally present the specifics of his case and to amplify upon his pleadings. The court then concluded that James "did not suffer a serious, debilitating or permanent injury" and that his allegations pointed to an isolated incident and were "at best, conclusory." The court concluded that the facts, "even when considered in the light most favorable to [James], do not demonstrate that the officers' conduct violated any rights secured by the Constitution."

The claim of one seeking *in forma pauperis* status must cross the threshold of litigation worthiness. *Cay v. Estelle*, 789 F.2d 318 (5th Cir.1986). In determining whether a case should be allowed to proceed IFP or be dismissed as frivolous under 28 U.S.C. § 1915(d), we have formulated a three-pronged test: (1) does the complaint have a realistic chance for success; (2) does it present an arguably sound basis in fact and law; and (3) can the complainant prove any set of facts that would warrant relief? *See Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986); *see also Anderson v. Coughlin*, 700 F.2d 37, 43 (2d Cir.1983).[1]

Not all applications of force in penal settings rise to the level of constitutional violations. The eighth amendment proscribes the use of cruel and unusual punishment, not merely punishment. The permissive level of force in the pursuit of prison security is governed by the standard announced in *Whitley v. Albers*, 475 U.S.

---

1. There has been some consideration whether the § 1915(d) dismissal should be equated with a Fed.R.Civ.P. 12(b)(6) dismissal. In *Bienvenu v. Beauregard Parish Police Jury*, 705 F.2d 1457 (5th Cir.1983), we stated that although the court has wider discretion to dismiss a claim under § 1915(d) than under Rule 12, the standard for determining legal sufficiency of a complaint is the same under either. In *Cay v. Estelle*, 789 F.2d 318, 326 (5th Cir.1986), we again con-

sidered the matter but doubted the appropriateness of equating the standard for 12(b)(6) dismissal with frivolousness. The *Cay* panel looked to the illumination of *Anderson v. Coughlin*, 700 F.2d 37 (2d Cir.1983). Of importance is the distinction that the § 1915(d) concept of frivolousness is not limited to a failure to state a claim. Rather, it embraces cases beyond credulity or possessed of little promise of success on the merits.

312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986), which inquires " 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " *Id.* 475 U.S. at 320–21, 106 S.Ct. at 1085, 89 L.Ed. at 261 (*quoting Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.), *cert. denied sub nom. John v. Johnson,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). Moreover, in excessive force cases involving prison inmates, "the Due Process Clause affords ... no greater protection than does the Cruel and Unusual Punishments Clause." *Whitley,* 106 S.Ct. at 1088.

The district court's finding that the complaint related to an isolated incident of non-remarkable proportions places the matter squarely within the reach of *Whitley*; there was nothing to indicate that the force was used "maliciously or sadistically for the very purpose of causing harm."

The district court did not err in dismissing the claim under § 1915(d).

AFFIRMED.