Kenneth Raymond GARDNER,
Plaintiff–Appellant,

v.

William CATO, Melvin Harborth, and
Guadalupe County Jail,
Defendants–Appellees.

No. 87–5559
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 8, 1988.

Kenneth Raymond Gardner, pro se.

W. Wendell Hall, Fulbright & Jaworski, San Antonio, Tex., for defendants-appellees.

Before POLITZ, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

The district court dismissed the 42 U.S.C. § 1983 complaint of Kenneth Raymond Gardner as frivolous under 28 U.S.C. § 1915(d). We affirm.

### Facts

A few minutes after midnight, January 10, 1985, Gardner's cellmate, without notice or warning threw a dark liquid in Gardner's face. Gardner experienced a burning sensation in his left eye. He flushed his eye with water and called a guard. Deputy William Cato responded and, upon seeing Gardner's eye, promptly transported him to the Guadalupe County Hospital.

At the hospital Gardner was examined and treated by a doctor and nurse. His eye was irrigated with a saline solution, and an ointment and a bandage were applied. Gardner was released from the hospital around 12:40 a.m. with a written notation that he should "see prison physician tomorrow, 1/11/85." Early that morning, Gardner was transferred to the custody of the Texas Department of Corrections. Upon arriving at Huntsville that afternoon he was examined in the TDC diagnostic unit. Medical personnel changed his eyepatch and an examination by a physician was scheduled. When seen by the physician, Gardner's eye was treated and he was referred to an ophthalmologist. In the meantime salve was regularly applied and the bandage was changed. The ophthalmologist confirmed the earlier treatment and recommended that Gardner wear sunglasses and return for a follow-up examination in two weeks. Gardner complained of headaches, blurred vision and sensitivity to light.

The matter was referred to a magistrate who used a questionnaire and reviewed Gardner's deposition to determine the specifics of Gardner's *pro se* complaint. The procedure followed has the endorsement of this court. *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985); *Green v. McKaskle*, 788 F.2d 1116 (5th Cir.1986); *Cay v. Estelle*, 789 F.2d 318 (5th Cir.1986). The magistrate recommended dismissal and Gardner objected. After a *de novo* review, the district court dismissed the complaint as frivolous.

### Analysis

Under 28 U.S.C. § 1915(d) district courts are empowered to dismiss frivolous *in forma pauperis* complaints. *Green v. McKaskle*. By definition, a complaint which does not have a realistic chance of success is frivolous. *Id.*

■ Gardner complains that the defendants displayed a deliberate indifference or a callous disregard of his serious medical needs, contrary to the holding of *Estelle v. Gamble*, 429 U.S. 97, 104–05, 97 S.Ct. 285, 291–92, 50 L.Ed.2d 251 (1976), which teaches that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment." Our reading of this record persuades us otherwise.

Immediately after the chemicals were thrown in his face Gardner was taken to the nearest hospital. It was after midnight but a doctor and nurse administered to his needs. The next day he saw other medical personnel who examined and treated him. The prison doctor called in a specialist. During the interim he was regularly treated by prison medical personnel. The specialist approved the earlier treatment and prescribed sunglasses and caution.

There is nothing in this record to support a suggestion of deliberate indifference or callous disregard of Gardner's medical needs. Evidence to the contrary abounds.

■ Gardner next contends that his fourteenth amendment rights were violated when he was placed in a cell with a mental-

ly unstable inmate who had access to cleaning chemicals. At best this raises an issue of the defendants' negligence, a claim not cognizable as a violation of the fourteenth amendment. *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

As we observed in *James v. Alfred,* 835 F.2d 605, 606 n. 1 (5th Cir.1988), "the § 1915(d) concept of frivolousness is not limited to a failure to state a claim. Rather, it embraces cases beyond credulity or possessed of little promise of success on the merits." That concept accurately describes Gardner's complaint. It was properly dismissed as frivolous.

AFFIRMED.