Michael TODD, et al.

v.

**BROWN & WILLIAMSON TOBACCO CORPORATION.**

Civil Action No. 95–1920.

United States District Court,
W.D. Louisiana,
Alexandria Division.

May 9, 1996.

---

**3.** 297 U.S. 387, 56 S.Ct. 528, 80 L.Ed. 736 (1936).

**4.** 310 U.S. 281, 60 S.Ct. 961, 84 L.Ed. 1204 (1940).

**5.** 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Michael Todd, Cottonport, LA, pro se.

Hollis Scott, Cottonport, LA, pro se.

Jimmy Taylor, Cottonport, LA, pro se.

Edward Morris, Cottonport, LA, pro se.

Brent A. Talbot, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, for defendant.

## RULING

LITTLE, District Judge.

For the reasons that follow, this court grants defendant Brown & Williamson's motion to dismiss.

### I.

Four inmates at Avoyelles Correctional Center have brought this claim *pro se* and *in forma pauperis* against defendant Brown & Williamson Tobacco Corp. The plaintiffs, Michael Todd, Hollis Scott, Edward Morris, and Jimmy Taylor allege that they have used "Bugler" loose tobacco, one of Brown & Williamson's products, because unlike cigarettes, the packaging does not warn that the product is hazardous to their health. They claim that they believed Bugler was a safe alternative to cigarettes, but that Brown & Williamson was well aware that the opposite was true. As a result of Bugler use, they allege various respiratory ailments.

Plaintiffs filed their complaint on 26 October 1995 based on diversity jurisdiction. After amendment, it makes claims for fraud, fraudulent concealment, and deceptive advertising related to Brown & Williamson's failure to put a health warning on the Bugler packaging. The amended complaint also raises Eighth and Fourteenth Amendment claims. The plaintiffs seek damages and injunctive relief.

Defendant Brown & Williamson now moves to dismiss or for summary judgment. It makes three arguments in support of its motions: (1) plaintiffs' claims are frivolous; (2) Brown & Williamson has no duty to warn plaintiffs of the risks of smoking; and (3) the Eighth and Fourteenth Amendments do not apply to purchase and use of Brown & Williamson's product. This court GRANTS the motion to dismiss.

### II.

Generally, a plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The plaintiff must simply allege all the elements of a right to recover against a defendant. *Tuchman v. DSC Communications Corp.,* 14 F.3d

1061, 1067 (5th Cir.1994). When considering a motion to dismiss for failure to state a claim, the district court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993) (citing *Doe v. United States Dep't of Justice*, 753 F.2d 1092, 1102 (D.C.Cir.1985) (citations omitted)). Conclusory allegations or legal conclusions, however, masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Id.; Tuchman*, 14 F.3d at 1067 (5th Cir.1994). Unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, the complaint should not be dismissed for failure to state a claim, and leave to amend should be liberally granted. *Fernandez–Montes*, 987 F.2d at 285 (citing *Conley v. Gibson* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)); *Leffall v. Dallas Indep't Sch. Dist.*, 28 F.3d 521, 524 (5th Cir.1994).

▮ A court's power to dismiss is enhanced where a claim is brought by a *pro se* plaintiff *in forma pauperis*. 28 U.S.C. § 1915(d); *see Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir.1994). After construing the complaint liberally if it asserts civil rights claims, a federal court may dismiss the action if it is frivolous or malicious. *Moore*, 30 F.3d at 620. The complaint is frivolous if it lacks an arguable basis in law or fact, or the claim's chance of success is slight. *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir.1995). To determine if the complaint is frivolous, judges may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).

## A. The tort claims

▮ The Louisiana Products Liability Act "establishes the exclusive theories of liability for manufacturers for damage caused by their products." La.Rev.Stat.Ann. § 9:2800.52. Though plaintiffs have asserted fraud, fraudulent concealment, and deceptive advertising claims, these are really all claims against manufacturer Brown & Williamson for damage to plaintiffs caused by its product, Bugler. Thus, the LPLA controls.[1]

▮ Manufacturers may be liable for failure to warn of dangers in their products under LPLA, but they are not required to provide warnings where "the user or handler of the product already knows or reasonably should be expected to know of the characteristic of the product that may cause damage and the danger of such characteristic." La. Rev.Stat.Ann. § 9:2800.57(B)(2). The plaintiffs repeatedly refer in their complaint to their awareness that tobacco smoking could cause injury. Though they argue that they believed Bugler was a "safe" tobacco product compared to prepared cigarettes, because there was no health warning on the packaging, this was not a reasonable belief. "Knowledge that cigarette smoking is harmful to health is widespread and can be considered part of the common knowledge of the community." *Roysdon v. R.J. Reynolds Tobacco Co.*, 849 F.2d 230, 236 (6th Cir.1988). This knowledge extends to numerous other tobacco products and means of consuming tobacco. The dangers of tobacco use are obvious. That one tobacco product is loose and rolled into cigarettes by the consumer while another is purchased already rolled is a distinction without a difference. A claim predicated on such a distinction has only the slightest chance of success and strains credulity. *See Pugh v. Parish of St. Tammany*,

---

1. Even if we held otherwise, Brown & Williamson's lack of a duty to warn plaintiffs of the dangers of its product would still control this case. As to plaintiffs' fraud-related claims, "to find fraud from silence or suppression of the truth, there must be a duty to speak or disclose information." *Greene v. Gulf Coast Bank*, 593 So.2d 630, 632 (La.1992). This element of a fraud-based claim simply implicates the failure-to-warn analysis that follows. Plaintiffs' deceptive advertising claim cannot stand on the foundation of federal labeling law, because that statute does not apply to loose tobacco. 15 U.S.C. § 1331(A) & (B), 1332(1). Moreover, in light of our analysis to follow concerning both plaintiffs' and the public's understanding of the dangers of cigarette smoking, it is impossible to conclude that Brown & Williamson's failure to provide health warnings was deceptive.

875 F.2d 436, 438 (5th Cir.1989); *James v. Alfred*, 835 F.2d 605, 606 n. 1 (5th Cir.1988). We are inclined to view plaintiffs' claims as frivolous by 28 U.S.C. § 1915(d)'s standards. They certainly fail to state a claim and are ripe for dismissal.

### B. The constitutional claims

Plaintiffs also claim that the absence of a warning on Bugler violates their constitutional rights under the Eighth and Fourteenth Amendments. In a memorandum filed 14 February 1996, plaintiffs explain that they believe Brown & Williamson violated their equal protection rights by putting a health warning on cigarette labels but not on loose tobacco labels, thus providing a safeguard to some purchasers of its products and not others. The same memorandum also raises a cruel and unusual punishment claim based on Brown & Williamson's knowledge of the deleterious effects of loose tobacco use.

 A threshold element of a Fourteenth Amendment claim is that a state actor has violated the claimant's rights. *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191, 109 S.Ct. 454, 461, 102 L.Ed.2d 469 (1988). Plaintiffs have not alleged that Brown & Williamson's failure to warn is "fairly attributable to the state." In fact, the complaint even states that this action is not related to the plaintiffs' incarceration. The claim is appropriately dismissed.

Moreover, the Eighth Amendment is simply not applicable to this case. The Eighth Amendment applies to direct action by the government to inflict criminal punishment. *Ingraham v. Wright*, 430 U.S. 651, 667–68, 97 S.Ct. 1401, 1410–11, 51 L.Ed.2d 711 (1977) (cruel and unusual punishment clause does not apply to corporal punishment in the public schools); *see also Browning–Ferris Industries of Vermont v. Kelco Disposal, Inc.*, 492 U.S. 257, 262–63, 109 S.Ct. 2909, 2913–14, 106 L.Ed.2d 219(1989).[2] The mere fact that plaintiffs are incarcerated does not mean a manufacturer's failure to warn of dangers in products they

use is state action related to criminal prosecution or punishment. Plaintiffs have failed to state an Eighth amendment claim.

### III.

For the reasons stated above, defendant Brown & Williamson's motion to dismiss is GRANTED.

---

2. *Browning–Ferris* holds open the possibility that the Supreme Court might one day hold that the cruel and unusual punishment clause applies in some other context as well. This is not such a case.