IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10697
Summary Calendar

_____


VINCENT ORR ALEXANDER,

                                        Plaintiff-Appellant,

versus

JNELL STILES, Correctional Officer IV;
GARY JOHNSON, Texas Department of Criminal
Justice, Executive Director; CHARLES C. BELL,
Warden I; PAUL SLOAN, Captain; RONALD FOX,
Major; KEVIN ANDIS, Captain; REYNELL LINDER,
Lieutenant; GLEN STOUDER, Inv II,

                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:02-CV-88
_____

November 6, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Vincent Orr Alexander, Texas prisoner # 1030860, appeals the dismissal as frivolous and for

failure to state a claim of his 42 U.S.C. § 1983 lawsuit.  He renews only his argument that Officer

Jnell Stiles used excessive force when slamming a door he was trying to help close, causing him injury

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and amounting to an assault. Alexander has waived his claims against the other prison officials he sued by failing to brief them. See Yohey v. Collins, 985 F.2d 222, 224-24 (5th Cir. 1993).

Alexander argues that the district court erred in sua sponte dismissing his suit. He contends that he should have been permitted leave to amend before his claims were dismissed. Contrary to Alexander's argument, the Prison Litigation Reform Act requires a district court sua sponte to dismiss a prisoner's IFP civil rights complaint if the court determines that the action is frivolous or fails to state a claim. Black v. Warren, 134 F.3d 732, 733 (5th Cir. 1998); see § 1915(e)(2)(B). The district court's determination that Alexander failed to state a claim for excessive force is reviewed de novo. Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998) .

Not all applications of force in penal settings rise to the level of constitutional violations. James v. Alfred, 835 F.2d 605, 606 (5th Cir. 1988). Force applied in pursuit of prison security may be permissible; the relevant inquiry in determining the permissive level of force in the pursuit of prison security is "'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Id. (citation omitted); see Hudson v. McMillian, 503 U.S. 1, 7 (1992). As the district court determined, Alexander's complaint made no allegation that Officer Stiles slammed the door for any reason other than to secure the premises; there are no facts demonstrating that he maliciously slammed the door on Alexander with the intent to cause harm. The claim thus fails. See id.

Alexander devotes a significant portion of his brief to the argument that he has suffered serious injuries as a result of the incident, stating, for the first time on appeal, that he is "waiting to see a microsurgeon for a pending operation on [his] shoulder and neck" and urging that he will provide supporting documentation if allowed to proceed. These new allegations will not be

considered because they were not first presented to the district court.  See Burch v. Coca-Cola Co., 119 F.3d 305, 319 (5th Cir. 1997); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).  Even had they been presented to the district court, the court need not consider them because whether Alexander sufficiently alleged that he suffered a serious injury is irrelevant in light of the determination that he has not alleged facts sufficient to show that Officer Stiles acted with malice to cause him harm, which defeats his excessive-force claim.

Alexander has not demonstrated any error in the district court's judgment, and the judgment is AFFIRMED.  The district court's dismissal of his complaint counts as a "strike" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Alexander is CAUTIONED that if he accumulates three strikes, he will be barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

AFFIRMED; THREE-STRIKES WARNING ISSUED.