IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40849
consolidated with No. 02-40890
Summary Calendar
_____

JAMES E. MASON,

                                        Plaintiff-Appellant,

versus

JEFFERY MURRAY; JASON EASTERLING; RUSSELL MANCHACA; DAVID
SWEETIN, Assistant Warden; PRISCILLA DALY, Regional
Director; JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                        Defendants-Appellees


REGINALD JONES,

                                        Plaintiff-Appellant,

versus

JEFFERY MURRAY; JASON EASTERLING; RUSSELL MANCHACA; DAVID
SWEETIN, Assistant Warden; PRISCILLA DALY, Regional
Director; JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                        Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Eastern District of Texas
USDC Nos. 9:02-CV-32;
9:02-CV-31
--------------------
December 16, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Texas prisoners James Mason (no. 886256) and Reginald Jones (no. 781143), proceeding pro se and in forma pauperis ("IFP"), appeal from the separate dismissals of their 42 U.S.C. § 1983 civil rights actions. They alleged that three of the defendants ("chow-hall defendants") segregated inmates by race one day at lunch and that three other defendants ("supervisory defendants") are vicariously liable. The district court records and the appellants' allegations indicate that this was an isolated, unrepeated incident and that prison officials responded to the appellants' grievances with corrective and preventative action. The appellants alleged no concrete injury arising from the incident.

Both Jones and Mason move this court to consolidate the appeals. We GRANT their motions and consolidate the appeals. See FED. R. APP. P. 3(b).

The claims against the supervisory defendants were properly dismissed because there is no vicarious liability under 42 U.S.C. § 1983, and the appellants did not allege any causal connection between acts of the supervisory defendants and any constitutional violation. See Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The chow-hall defendants were properly dismissed because this isolated incident that caused <u>de minimis</u> injury, if any, did not give rise to a constitutional action under 42 U.S.C. § 1983. <u>See</u> <u>Sockwell v. Phelps</u>, 20 F.3d 187, 191-92 (5th Cir. 1994) (recognizing inmates' right to be free from "general policy" of segregation); <u>see also</u> <u>Zaffuto v. City of Hammond</u>, 308 F.3d 485, 491 (5th Cir. 2002) (observing that "<u>de minimis</u> disclosures cannot be the basis of liability under the Fourteenth Amendment's confidentiality branch"); <u>Jackson v. Culbertson</u>, 984 F.2d 699, 700 (5th Cir. 1993) (single use of force without injury was <u>de minimis</u>); <u>George v. King</u>, 837 F.2d 705, 707 (5th Cir. 1988) (isolated case of mass food poisoning in prison); <u>James v. Alfred</u>, 835 F.2d 605, 607 (5th Cir. 1988) ("isolated incident of non-remarkable proportions" involving use of force); <u>Richardson v. McConnell</u>, 841 F.2d 120, 122 (5th Cir. 1988) (single incident of misplaced legal mail); <u>McCoy v. Gordon</u>, 709 F.2d 1060, 1063 (5th Cir. 1983) (isolated incident of harassment causing "trivial injury").

We affirm the dismissals of these actions based on the appellants' failure to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The dismissals count as "strikes" for the purposes of 28 U.S.C. § 1915(g). <u>See</u> § 1915(g); <u>see also</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 385-87 (5th Cir. 1996). We note that Jones already has one strike, <u>see</u> <u>Jones v. Woerner</u>, No. 01-40867 (5th Cir. Feb. 22,

2002) (unpublished), and we caution Jones and Mason that if either of them accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

JUDGMENTS AFFIRMED; THREE-STRIKES WARNING ISSUED