# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-11272
Summary Calendar

BUI PHU XUAN, also known as Phu Xuan Bui

Plaintiff - Appellant

v.

FORT WORTH STAR TELEGRAM

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas, Amarillo
No. 2:07-CV-218

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff Bui Phu Xuan ("Plaintiff"), currently serving ninety-nine years in state prison on a 1998 first degree murder conviction, appeals the district court's judgment dismissing with prejudice his complaint filed in forma pauperis against defendant Fort Worth Star-Telegram ("Defendant" or the "Star-Telegram") as frivolous and for failure to state a claim. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Plaintiff originally filed suit in Texas state court on April 7, 2005, alleging libel, a state-law claim, against the Star-Telegram arising from the publication of two articles in the February 12 and 13, 2005, editions of the paper, which stated that Plaintiff was a "reputed Asian gang leader," and "was known by gang officers and Tarrant County prosecutors as a gang leader." The state trial court granted the Star-Telegram's motion for summary judgment on May 4, 2006. The state appellate court affirmed the trial court's judgment. Bui v. Fort Worth Star Telegram, No. 2-06-206, 2007 Tex. App. LEXIS 1333 (Tex. App.—Fort Worth Feb. 22, 2007, pet. denied). The Texas Supreme Court denied Plaintiff's petition for review, Bui v. Fort Worth Star Telegram, No. 07-0191, 2007 Tex. LEXIS 576 (Tex. June 22, 2007), and his motion for rehearing, Bui v. Fort Worth Star Telegram, No. 07-0191, 2007 Tex. LEXIS 692 (Tex. Aug. 10, 2007). Plaintiff did not petition the United States Supreme Court for certiorari.

Instead, on October 17, 2007, Plaintiff filed a new complaint, along with a notice of removal, in federal district court. In his federal complaint, Plaintiff renewed his libel claim, and essentially alleged (1) that the Texas state courts failed to enforce his constitutional rights and denied him Equal Protection of the law and protection against Double Jeopardy by granting summary judgment to Defendant, and (2) that the Star-Telegram itself violated his constitutional rights "within the meaning of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution." The district court liberally construed Plaintiff's complaint as a civil rights complaint under 42 U.S.C. § 1983. After reviewing the complaint, the district court dismissed Plaintiff's suit as frivolous under 28 U.S.C. §§ 1915A, 1915(e)(2), and 42 U.S.C. § 1997e(c)(1). Plaintiff's motion for rehearing was denied on November 13, 2007, and this timely appeal followed.

II.

Generally, the "claim of one seeking in forma pauperis status must cross the threshold of litigation worthiness." James v. Alfred, 835 F.2d 605, 606 (5th Cir. 1988) (emphasis omitted). The district court is directed to dismiss a complaint filed in forma pauperis at any time if, among other reasons, the complaint is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b)(1) (calling for dismissal of any civil action filed by a prisoner against a governmental entity, officer, or employee that a district court finds is "frivolous, malicious, or fails to state a claim upon which relief may be granted"); 42 U.S.C. § 1997e(c)(1) (authorizing the dismissal of any suit brought by a prisoner with respect to prison conditions, whether in forma pauperis or not, if it is "frivolous, malicious, [or] fails to state a claim upon which relief can be granted . . . .").

Because the district court dismissed Plaintiff's claims as both frivolous and for failure to state a claim, our review is de novo. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005). A complaint is "frivolous" if it lacks "an arguable basis in law or fact." Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). To state a claim upon which relief may be granted, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).

First, in considering Plaintiff's attempt to remove his state libel suit against the Star-Telegram to federal court, we must determine whether the district court correctly concluded as a matter of law that the claim was not properly before it. We review a district court's conclusions on questions of law, including questions founded on removal jurisdiction under 28 U.S.C. § 1441, de novo. See Hart v. Bayer Corp., 199 F.3d 239, 243 (5th Cir. 2000).

Generally, subject to exceptions not relevant here, the removal statute provides that:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . . .

28 U.S.C. § 1441(a) (emphasis added).

As the district court explained, the plain language of the removal statute prohibited it from exercising jurisdiction as a matter of law over Plaintiff's libel claim. To begin, the district court did not "have original jurisdiction," id., over Plaintiff's state tort libel suit because it is a state law claim and complete diversity did not exist between the parties, see 28 U.S.C. §§ 1331 & 1332. Next, the statute provides for removal "by the defendant . . . ." Id. Here, it is Plaintiff attempting to remove the case that he filed in state court to federal court. Finally, the statute permits defendants to remove cases that are "pending," id., in state court. After the Texas Supreme Court denied Plaintiff's motion for rehearing on August 10, 2007, his suit was no longer pending in state court. Thus, the district court was correct in denying Plaintiff's request to remove his state libel suit to federal court.

Second, Plaintiff's constitutional claims against both the Texas state court system and the Star-Telegram, liberally construed by the district court as filed pursuant to § 1983, were also properly dismissed as frivolous. With respect to Plaintiff's claims that the Texas courts denied him his constitutional rights, we have long held that "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." Hale v. Harney 786 F.2d 688, 690–91 (5th Cir. 1986) (citing Kimball v. Fl. State Bar, 632 F.2d 1283, 1284 (5th Cir. 1980)). As we stated in

Kimball, the "proper forum for the relief [the plaintiff] now seeks was the United States Supreme Court." 632 F.2d at 1284. So, too, was it in this case. See 28 U.S.C. § 1257(a).

Turning to Plaintiff's claims that the Star-Telegram's alleged libel violated his rights under the Fifth, Eighth, and Fourteenth Amendments, it is axiomatic that to "state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 460 (5th Cir. 2003) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)) (internal quotation marks omitted). Put another way, acts of private parties, such as the Star-Telegram, "even if wrongful, do not fall under the ambit of the" Constitution. See United States v. Sealed Juvenile 1, 255 F.3d 213, 216 (5th Cir. 2001). Thus, Plaintiff's constitutional claims also lack any basis in law and were correctly dismissed by the district court as frivolous.

III.

For the foregoing reasons, we AFFIRM the judgment of the district court dismissing Plaintiff's complaint with prejudice.