**Reginald R. BRINKMANN, Jr.,**
**Plaintiff-Appellant,**

**v.**

**Rick JOHNSTON, Don T. Cates, Caroline Berthelot, a/k/a Carolyn B. Brinkmann, and Judge Herbert Line, Defendants-Appellees.**

**No. 85–1689**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 30, 1986.

---

Reginald R. Brinkmann, Jr., pro se.

Caroline Berthelot, a/k/a Carolyn B. Brinkmann, pro se.

Simon, Anisman, Doby, Wilson & Skillern, Khent H. Rowton, Fort Worth, Tex., for Cates.

Jim Mattox, Atty. Gen., Robert Lemens, Asst. Atty. Gen., Austin, Tex., for Judge Line.

Rick Johnston, Dallas, Tex., pro se.

Before GEE, RANDALL, and DAVIS, Circuit Judges.

**PER CURIAM:**

This appeal from the dismissal of a civil rights action substantially replicates the circumstances of *Hale v. Harney,* 786 F.2d 688 (5th Cir.1986). Again, we confront an irate former husband bringing attempted civil rights actions arising from his divorce: one against his former wife, one against a state judge, and various ones against assorted counsel connected with his divorce and child custody case. Absent from the cast, however, is counsel for the husband; he has proceeded pro se.

Mr. Brinkmann's pro se complaint is to be construed liberally, with all well-pleaded allegations taken as true. *Krempp v. Dobbs,* 775 F.2d 1319, 1320 (5th Cir.1985). For several reasons, Brinkmann's civil rights suit against the state judge is frivolous. At all material times, Judge Line was acting within the scope of his judicial duties; the complaint contains no serious or substantial allegations to the contrary. This being so, Judge Line is absolutely immune from suit. *Stump v. Sparkman,* 435 U.S. 349, 362–64, 98 S.Ct. 1099, 1107–09, 55 L.Ed.2d 331 (1978). It is settled law that a judge enjoys absolute immunity from liability for any damages resulting from judicial acts performed within his jurisdiction. *See Hale,* 786 F.2d at 690 (citing *Randall v. Brigham,* 74 U.S. (7 Wall.) 523, 19 L.Ed. 285 (1869)) and *Turner v. Raynes,* 611 F.2d 92 (5th Cir.), *cert. denied,* 499 U.S. 900, 101 S.Ct. 269, 66 L.Ed.2d 129 (1980).

Brinkmann's claims against his ex-wife and her attorney and his son's attorney are likewise frivolous. Although private acts may support an action for liability under 42 U.S.C. § 1983 if the individual is "a willing participant in a joint action with the state or its agents," Mr. Brinkmann's complaint in the present case does not state any factual basis to support his conspiracy charges. *Dennis v. Sparks,* 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980); *Hale,* 786 F.2d at 690 (citing *Earnest v. Lowentritt,* 690 F.2d 1198 (5th Cir. 1982)).

In § 1983 cases, our Court requires that the "claimant ... state specific facts, not merely conclusory allegations." *Hale*, 786 F.2d at 690 (citing *Morrison v. City of Baton Rouge*, 761 F.2d 242, 244 (5th Cir. 1985)) (quoting *Elliot v. Perez*, 751 F.2d 1472, 1479 (5th Cir.1985)). In *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir.1982), we held that "mere conclusory allegations of conspiracy cannot, absent reference to material facts," state a substantial claim of federal conspiracy under 42 U.S.C. § 1983. Moreover, "a lengthy line of decisions in our court, ... holds that litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale*, 786 F.2d 690–91 (citing *Sawyer v. Overton*, 595 F.2d 252 (1979) and *Kimball v. The Florida Bar*, 632 F.2d 1283 (1980)).

The above principles are not limited to actions "which candidly seek review of the state court decree; [they extend] to others in which the constitutional claims presented [in federal court] are inextricably intertwined with the state court's grant or denial of relief." *Hale*, 786 F.2d at 691 (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n. 16, 103 S.Ct. 1303, 1315 n. 16, 75 L.Ed.2d 206 (1982)). Errors committed by state judges in state courts are for correction in the state court system.

Mr. Brinkmann is proceeding pro se on appeal and was proceeding so in the district court. For that reason, we forbear the imposition of sanctions for the bringing of this frivolous action and appeal. *Hale v. Harney, supra,* gives fair warning to those represented by counsel. Those who venture into federal court without the assistance of counsel cannot, however, be permitted to enjoy much or protracted advantage by reason of that circumstance. We publish this as a caution to future pro se litigants that an attempt to appeal domestic proceedings to federal court in the guise of civil rights actions invites sanctions. *Cf.*

*Lonsdale v. Commissioner,* 661 F.2d 71 (5th Cir.1981).

DISMISSED.