**Dennis Ray ROEMER, Plaintiff,**

v.

**Homorable Edward E. BOUKER, District Judge, Defendant.**

No. 97–4146–SAC.

United States District Court, D. Kansas.

Sept. 15, 1997.

Dennis Ray Roemer, Grainfield, KS, pro se.

John R. Dowell, Office of Attorney General, Topeka, KS, for Defendant.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

The case comes before the court on the motion to dismiss (Dk. 3) filed by the defendant Edward E. Bouker, District Court Judge of the Twenty–Third Judicial District for the State of Kansas. The plaintiff Dennis Ray Roemer appears pro se in bringing this action. Roemer alleges that he is a party to a state civil action, "No. 96–CV–3," over which Judge Bouker presides and that his constitutional rights to due process, freedom of speech, confrontation of witnesses and trial by jury have been violated in this state

civil action. The defendant seeks dismissal arguing that no federal cause of action has been pleaded and that he is entitled to absolute judicial immunity for all actions of which the plaintiff complains.

■ Roemer did not file a response to the defendant's motion to dismiss within the twenty-day period required by D.Kan. Rule 7.1(b). "The failure to file a brief or response within the time specified within Rule 7.1(b) shall constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect." D.Kan. Rule 7.4. Roemer makes no showing of excusable neglect in his response. "If a respondent fails to file a response within the time required by Rule 7.1(b), the motion will be considered and decided as an uncontested motion." D.Kan. Rule 7.4.

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). Therefore, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

A court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff. *Shaw v. Valdez,* 819 F.2d 965, 968 (10th Cir.1987). The court construes the allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. at 236, 94 S.Ct. at 1686; *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). These deferential rules, however, do not allow the court to assume that a

plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated General Contractors v. California State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983) (footnote omitted). Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice. *Cayman Exploration Corp. v. United·Gas Pipe Line,* 873 F.2d 1357, 1359 (10th Cir.1989).

Because the plaintiff appears pro se, the court must remain mindful of additional considerations. A pro se litigant's pleadings are construed liberally and judged against a less stringent standard than pleadings drawn by attorneys. *Hall v. Bellmon,* 935 F.2d at 1110. Thus, if the pro se plaintiff's complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, it [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.* For that reason, the court is not to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins,* 927 F.2d 1156,· 1159 (10th Cir.1991) (citation omitted).

■ The plaintiff's complaint consists entirely of conclusory allegations devoid of any factual context. Nor does the plaintiff's response offer any facts to support his allegation that his constitutional rights have been violated. The plaintiff identifies his "charges" as "perjury of oath," "constitutional tort," and "conspiracy," but his use of these legal terms does not overcome the deficiencies with his complaint. Putting aside the issue whether all of these asserted "charges" are even cognizable civil actions in federal court, the court finds no allegations of fact to sustain any of the elements to these purported claims.

■ Had the plaintiff properly pleaded a cause of action, the court still would dismiss this action for another reason. It is well-established that judges are absolutely immune · from civil damages liability for acts performed in their judicial capacities. *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978); *Hunt v. Bennett,* 17 F.3d 1263, 1266 (10th Cir.), *cert. denied,* 513 U.S. 832, 115 S.Ct. 107, 130 L.Ed.2d 55 (1994). This broad judicial immunity extends to judicial acts done in error, maliciously, or in excess of authority. *Stump,* 435 U.S. at 356, 98 S.Ct. at 1104–05. A judge is subject to liability for only those judicial acts taken in the " 'clear absence of all jurisdiction.' " *Id.* (quoting *Bradley v. Fisher,* 80 U.S. 335, 13 Wall. 335, 351, 20 L.Ed. 646 (1871)).

In determining whether the conduct qualifies as a judicial act, a court looks to two factors: whether the act is a function normally performed by a judge and whether the parties dealt with the judge in the judge's judicial capacity. *Stump,* 435 U.S. at 362, 98 S.Ct. at 1107–08; *see Mireles· v. Waco,* 502 U.S. 9, 11–12, 112 S.Ct. 286, 287–88, 116 L.Ed.2d 9 (1991). Both factors are present here. The defendant's acts that the plaintiff alleges violated his constitutional rights are acts normally performed by a judge, namely granting leave to file amended answers, permitting oral argument, handling courtroom procedures, and generally overseeing the litigation. As revealed in his own pleadings and memoranda, the plaintiff exclusively dealt with Judge Bouker in the defendant's judicial capacity. Therefore, the defendant's acts were judicial acts. "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles,* 502 U.S. at 11, 112 S.Ct. at 288 (citation omitted). The plaintiff does not allege or come forth with any facts to demonstrate that defendant Judge Bouker lacked jurisdiction over the judicial proceedings.

Even assuming the plaintiff could allege a viable federal action, this is precisely the type of ·case where federal courts out of concerns of comity and federalism refuse to meddle in the state court proceedings. The plaintiff may resort to the state appellate process to vindicate any constitutional challenges. Although · dismissals under Rule 12(b)(6) typically occur only after the plaintiff

is afforded notice and an opportunity to amend the complaint to cure the defective allegations, the court "may dismiss sua sponte 'when it is patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.' " *Hall,* 935 F.2d at 1110 (quoting *McKinney v. Oklahoma,* 925 F.2d 363, 365 (10th Cir.1991)). Facing the insurmountable hurdle of absolute judicial immunity, the plaintiff's attempts at amending his complaint would be futile.

IT IS THEREFORE ORDERED that the defendant's motion to dismiss (Dk. 3) is granted.