IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10799
Summary Calendar
_____


JOE M. LEDESMA,

                                        Plaintiff-Appellant,

versus

WILLIAM SWARTZ, Doctor, in his individual and official capacity;
NO FIRST NAME WHITAKER, Captain, in his individual and official
capacity,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:96-CV-491
- - - - - - - - - -
December 16, 1997

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

    Joe M. Ledesma, # 584067, appeals the district court's

dismissal of his 42 U.S.C. § 1983 action for failure to state a

claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 42 U.S.C.

§ 1997e(c).  His motion for appointment of counsel is DENIED.

    Ledesma argues that he has stated a claim of conspiracy by

Captain Whitaker and Dr. Swartz in placing him on solid food.  He

states that he believes that they conspired together but he

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

offers no facts to support this allegation.  Mere conclusionary allegations of conspiracy do not state a claim under § 1983.  Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986).  The district court did not err in dismissing Ledesma's claim of conspiracy against Captain Whitaker.  The district court's decision in this respect is AFFIRMED.

Ledesma argues that his allegations regarding Dr. Swartz's medical care, or lack thereof, demonstrate deliberate indifference to his serious medical needs.  The Eighth Amendment's prohibition against "cruel and unusual punishment" protects prisoners from a denial of or improper medical care only if the care is "sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind.  Id. at 105-06.  Deliberate indifference is established by the intentional delay or denial of appropriate medical care or through the unnecessary and wanton infliction of pain.  Id. at 104-05.  A prison official or doctor acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan, 511 U.S. 825, 847 (1994).  Unsuccessful medical treatment, acts of negligence, neglect, or medical malpractice are insufficient to give rise to a § 1983 cause of action.

<u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991). Nor is a prisoner's disagreement with his medical treatment sufficient to state a claim under § 1983. <u>Id</u>.

Ledesma's allegations are sufficient to state a claim of deliberate indifference on the part of Dr. Swartz. His allegations demonstrate more than disagreement with his medical treatment or medical malpractice. Ledesma alleged that Dr. Swartz failed to treat his complaints of a broken jaw due to trauma from a fall with more than Motrin, a liquid diet, and scheduling x-rays five days hence, and then when the x-rays were taken, giving his opinion that the injury was old, with no further treatment. Ledesma has alleged delay in his medical care for a serious medical need, a broken jaw, and his allegations, viewed in the light most favorable to him, are sufficient to allege the requisite state of mind of deliberate indifference. When presented with Ledesma's swollen jaw and complaints of severe pain and severe trauma to the jaw, Dr. Swartz had to "know that [Ledesma] face[d] a substantial risk of serious harm" and he "disregard[ed] that risk by failing to take reasonable measures to abate it." <u>Farmer v. Brennan</u>, 511 U.S. at 847. Further, Ledesma's allegations that Dr. Swartz ordered that he could be put on food loaf as punishment to replace his liquid diet, without further examination to determine the condition of his jaw and whether he could eat solid food, are sufficient to state a claim of deliberate indifference. It does not appear beyond

doubt that Ledesma could prove no set of facts which would entitle him to relief on these allegations.  The district court's dismissal of Ledesma's claim of deliberate indifference against Dr. Swartz is VACATED AND REMANDED for further proceedings.

AFFIRM IN PART, VACATE AND REMAND IN PART; MOTION FOR APPOINTMENT OF COUNSEL DENIED