**Dennis Ray ROEMER, Plaintiff,**

v.

**Samuel A. CROW, et al., Defendants.**

**No. 98–4016–RDR.**

United States District Court,
D. Kansas.

Feb. 3, 1998.

---

Dennis Ray Roemer, Grainfield, KS, pro se.

### MEMORANDUM AND ORDER

ROGERS, District Judge.

On January 21, 1998, plaintiff filed a complaint listing five defendants: United States District Judge Samuel A. Crow; Security Bancshares, Inc.; State District Judge Edward E. Bouker; John Shirley, a private attorney; and State District Judge Charles E. Worden.

█ From the factual allegations contained in the complaint, it appears that this case arises from actions taken in connection with two cases: a foreclosure action (Case No. 96–CV–3) filed in the State District Court for Gove County, Kansas; and a case filed by plaintiff in this court (Case No. 97–4092–SAC).[1] Among other allegations, plaintiff asserts in the complaint that: Judge Bouker did not accept "an amended answer, counterclaims, cross-claims and third party complaints" or a similar revised pleading in Case No. 96–CV–3; that Judge Bouker violated plaintiff's right to due process; that Judge Crow violated plaintiff's right to jury trial when he dismissed Case No. 97–4092; and that Judge Worden violated plaintiff's due process rights by endorsing Judge Bouker's actions in Case No. 96–CV–3.

█ The court on our own motion shall dismiss plaintiff's claims against Judges Bouker, Crow and Worden. Although defendants Bouker, Crow and Worden have not filed motions requesting dismissal pursuant to FED.R.CIV.P. 12(b)(6), this court has authority to raise obvious defects in a complaint sua sponte. See *McKinney v. Oklahoma Dept. of Human Services,* 925 F.2d 363, 365 (10th Cir.1991) (upholding a district court's sua sponte dismissal because it was patently obvious that no claim was stated in the complaint and no amendment could cure the defect); *Pugh v. Parish of St. Tammany,* 875 F.2d 436, 438 (5th Cir.1989) (upholding sua sponte dismissal of § 1983 claim because defendants were absolutely immune from suit).

---

**1.** Plaintiff also lists *Roemer v. Bouker,* 978 F.Supp. 1407 (D.Kan.1997), as an "incorporated case." Judge Crow dismissed this case in an order dated September 15, 1997.

The doctrine of absolute immunity of judges for acts committed within their judicial jurisdiction is a firmly established principle. As the United States Supreme Court stated in *Mireles v. Waco,* 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991):

> A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages. See, *e.g., Forrester v. White,* 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); *Cleavinger v. Saxner,* 474 U.S. 193, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985); *Dennis v. Sparks,* 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980); *Supreme Court of Va. v. Consumers Union of United States, Inc.,* 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980); *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Although unfairness and injustice to a litigant may result on occasion, "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher,* 13 Wall. 335, 347, 20 L.Ed. 646 (1871).

The Court further noted that judicial immunity has only two exceptions:

> Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial. *Pierson v. Ray,* 386 U.S. at 554, 87 S.Ct. at 1218 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"). See also *Harlow v. Fitzgerald,* 457 U.S. 800, 815–819, 102 S.Ct. 2727, 2736–2739, 73 L.Ed.2d 396 (1982) (allegations of malice are insufficient to overcome qualified immunity).

Rather, our cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. *Forrester v. White,* 484 U.S. at 227–229, 108 S.Ct. at 544–545; *Stump v. Sparkman,* 435 U.S. at 360, 98 S.Ct. at 1106. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Id.,* at 356–357, 98 S.Ct. at 1104–1105; *Bradley v. Fisher,* 13 Wall. at 351, 20 L.Ed. 646.

502 U.S. at 11–12.

■ What constitutes a judicial act for the purposes of immunity is determined by "whether it is a function normally performed by a judge" and whether the parties understood that they were dealing with the judge "in his judicial capacity." *Stump,* 435 U.S. 349, 362.

From the allegations in the complaint it is clear that the actions allegedly taken by Judges Bouker, Crow and Worden were judicial acts for the purposes of immunity analysis. Nor can there be any question that the actions disputed by plaintiff were taken in the exercise of the judges' jurisdiction. Therefore, the claims against these defendants should be dismissed. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (holding that dismissal is required if the allegations of the complaint demonstrate that the defendant official had absolute immunity from the claim); *Brinkmann v. Johnston,* 793 F.2d 111, 112 (5th Cir.1986) (declaring frivolous a husband's § 1983 action against a state judge because at all times that judge was acting within the scope of his judicial duties in a divorce action, and thus was absolutely immune); *Hale v. Harney,* 786 F.2d 688, 690 (5th Cir.1986) (same).

■ Finally, although it is not necessary to the decision made in this order, we note that plaintiff mistakenly asserts that his Seventh Amendment right to a jury trial was violated by the actions of the defendant judges and that he should recover in damages for the judges' alleged violation of 18 U.S.C. § 1621. Plaintiff's contentions are frivolous. The right to a jury trial is not

violated when a judge determines that by reason of law or because of an absence of any material fact issue, judgment should be entered for one side or another. See *Etalook v. Exxon Pipeline Co.*, 831 F.2d 1440, 1447 (9th Cir.1987). Furthermore, 18 U.S.C. § 1621 is a criminal statute which does not provide a civil right of action for damages. See *Ippolito v. Meisel*, 958 F.Supp. 155, 167 (S.D.N.Y. 1997); *LaBoy v. Zuley*, 747 F.Supp. 1284, 1289 (N.D.Ill.1990).

A complaint is frivolous where it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). An example of a case lacking an arguable basis in law is a case involving an immunity defense. *Id.* at 327. It is obvious that a well-established immunity doctrine protects the judges sued by plaintiff from being sued for their judicial actions. There is no reason to believe that plaintiff could state a claim against Judges Bouker, Crow or Worden that would not be barred by the immunity doctrine.

Accordingly, the court on its own motion shall direct that this case be dismissed against defendants Bouker, Crow and Worden.

**IT IS SO ORDERED.**