United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 7, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 02-60897
Summary Calendar

CHARLES L. STRINGER,

Plaintiff-Appellant,

versus

WAYNE HERBERT,

Defendant-
Appellee.

----------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 01-CV-513
----------------------------------------------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Charles L. Stringer's 42 U.S.C. § 1983 complaint against appellee Wayne Herbert, a judge,

was dismissed with prejudice by the district court. The district court's dismissal was based on its

entry of summary judgment against Stringer and in favor of Herbert. On appeal, Stringer challenges

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

only the district court's denial of his own summary judgment motion, the grant of Herbert's summary judgment motion, and an order entered declaring one of Stringer's evidentiary motions moot.

The district court granted Herbert's summary judgment motion, and denied Stringer's summary judgment motion as moot, on the basis that Herbert was entitled to absolute judicial immunity from the claims brought in Stringer's complaint. After a <u>de novo</u> review of the record, we conclude that the summary judgment evidence supports the district court's actions and that Stringer has not shown on appeal that summary judgment was not properly entered against him. <u>See</u> FED. R. CIV. P. 56(c); <u>Guillory v. Domtar Indus., Inc.</u>, 95 F.3d 1320, 1326 (5th Cir. 1996); <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); <u>Brinkmann v. Johnston</u>, 793 F.2d 111, 112 (5th Cir. 1986).

The district court's denial as moot of Stringer's motion for <u>de novo</u> review of the magistrate judge's evidentiary ruling was filed on the same day that the district court issued its opinion and order disposing of Stringer's complaint on summary judgment. We thus conclude that the district court's dismissal of Stringer's motion as moot was not an abuse of discretion. <u>See</u> <u>HC Gun & Knife Shows, Inc. v. City of Houston</u>, 201 F.3d 544, 549 (5th Cir. 2000).

AFFIRMED.