United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-61087
Conference Calendar

_____

DAVID WARD,

                              Plaintiff-Appellant,

versus

GEORGE AGNEW,

                              Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:03-CV-1054-BN
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

     David Ward, Mississippi state prisoner # 42745, appeals
the 28 U.S.C. § 1915(e)(2)(B)(i) dismissal as legally frivolous
of his 42 U.S.C. § 1983 lawsuit against George Agnew, retained
to serve as Ward's counsel in a criminal matter.  Ward contends
that the district court erred in dismissing his case because
Agnew deprived him of his Sixth Amendment rights.  This court
reviews the district court's dismissal for abuse of discretion.
See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The district court concluded that Ward's lawsuit was foreclosed by <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981), because Agnew was not acting under the color of state law for the purposes of 42 U.S.C. § 1983 liability.  The district court's reliance on <u>Dodson</u> was appropriate; and it is uncontested by Ward on appeal.  Since the allegations in Ward's complaint were squarely foreclosed by <u>Dodson</u>, the district court did not abuse its discretion in dismissing his lawsuit as frivolous.  <u>See</u> <u>Siglar</u>, 112 F.3d at 193.

Because Ward has not shown that there is a nonfrivolous appellate issue, his appeal is also dismissed as frivolous. <u>See</u> 5TH CIR. R. 42.2; <u>Brinkmann v. Johnston</u>, 793 F.2d 111, 112-13 (5th Cir. 1986).

The dismissal of the appeal as frivolous and the district court's dismissal of Ward's 42 U.S.C. § 1983 action as frivolous both count as "strikes" under the three-strikes provision of 28 U.S.C. § 1915(g).  <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387-88 (5th Cir. 1996).  Therefore, Ward is warned that if he accumulates three "strikes," he will not be able to proceed <u>in forma pauperis</u> in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.