United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41267
Conference Calendar

JOHNNIE R. PROPES,

Plaintiff-Appellant,

versus

CITY MANAGER; RODNEY NOLES,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:03-CV-162-RAS-DDB
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Johnnie R. Propes, Texas state prisoner # 1178904, appeals
the district court's dismissal with prejudice of his pro se, in
forma pauperis, 42 U.S.C. § 1983 civil rights complaint as
frivolous and for failure to state a claim.  Propes alleged that
Plano, Texas, city officials conspired to discriminate against
him on the basis of his race by issuing citations to him for
violating city ordinances based on the mistaken belief that he
owned land which he, in fact, did not own.  He claimed that
Noles, an uncertified building inspector, had engaged in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

wanton prosecution of code violations on residences owned by African-Americans.

We review a dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of discretion. Taylor v. Johnson, 257 F.3d 470, 472 (5th Cir. 2001). We review a dismissal for failure to state a claim upon which relief may be granted de novo. Hart v. Hairston, 343 F.3d 762, 763-64 (5th Cir. 2003); § 1915(e)(2)(B)(ii).

Propes's conclusory allegations of a race-based conspiracy are insufficient to support a viable § 1983 claim. See Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986). Nor has Propes demonstrated that either the citations or the warrants issued for his arrest were motivated by discriminatory animus. See Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997). Accordingly, Propes's appeal lacks an arguable basis in law and fact and is frivolous. See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). Because the appeal is frivolous it is dismissed. See 5TH CIR. R. 42.2.

In Propes v. Dretke, No. 04-50822 (5th Cir. Apr. 20, 2005), we imposed the 28 U.S.C. § 1915(g) bar against Propes. We warn Propes that further filing of frivolous complaints or pleadings may result in additional sanctions against him.

Propes's motion for the appointment of counsel on appeal is denied.

APPEAL DISMISSED AS FRIVOLOUS; MOTION DENIED; SANCTION WARNING ISSUED.