United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-10688
Summary Calendar

---

GEORGE L. ROSAS,

Plaintiff-Appellant,

versus

SERGEANT DELBERTO RODRIGUEZ, Sergeant, Gang Investigator;
MRS. GUYER, Mailroom Supervisor; MS. THOMLASON, Assistant
Mailroom Supervisor; MR. JIMENEZ, Law Library Supervisor;
OFFICER E. MORENO, Officer, Law Library Clerk,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:04-CV-172
--------------------

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

George L. Rosas, Texas prisoner No. 711998, appeals the
dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant
to 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b)(1), and 42
U.S.C. § 1997e(c)(1)-(2). We review the magistrate judge's
dismissal de novo. Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir.
2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rosas argues that the prison disciplinary proceeding in which he was found guilty of destroying state property was conducted in violation of his right to due process of law. Rosas was charged $28 for the destruction of a book, and he was assessed a 45-day commissary restriction, a 15-day cell-restriction, and a reduction in class as a result of the proceeding. Rosas's claim based on the various restrictions and class change did not state a constitutional due process claim under § 1983. Sandin v. Conner, 515 U.S. 472, 484 (1995). To the extent that the monetary assessment of $28 implicates a protected interest, Rosas has failed to state a claim because he has not shown that the result of his disciplinary proceeding has been reversed or expunged. Edwards v. Balisok, 520 U.S. 641, 643-48 (1997).

Rosas argues that the defendants denied him access to the courts by transferring another inmate and by delaying his legal mail and materials. Rosas has failed to show how he was injured by the defendants' alleged actions because he has not pointed to a single incident in which the action of any defendant caused him any injury in any specific proceeding. See Lewis v. Casey, 518 U.S. 343, 351 (1996). In a supplemental brief on appeal, Rosas proffers an order from the 34th Judicial District of Nueces County, Texas, showing that a default judgment had been entered against him in a paternity action. Although the order in the paternity action was entered before the dismissal of his § 1983

suit, this fact was not presented to the district court and will not be considered by this court. Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999)

Rosas argues that the defendants retaliated against him for challenging his disciplinary conviction by transferring another inmate, interfering with his legal mail and library requests, and censoring his outgoing mail. "To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999). Rosas has not established an adverse act with respect to these claims. See Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986).

AFFIRMED.