United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30576
Summary Calendar

_____

DAN MITCHELL,

Plaintiff-Appellant,

versus

TIM WILKINSON; CURTIS WOODARD; RODRICK KIDD; MICHAEL HORNE,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:04-CV-2023
---------------------

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Dan Mitchell, Texas prisoner # 438855, appeals the dismissal of his civil rights complaint under 42 U.S.C. § 1983 against Warden Tim Wilkinson, Lt. Curtis Woodard, Correctional Officer Michael Horne, and fellow inmate Rodrick Kidd alleging that the prison officials failed to protect him from an attack by Kidd in April of 2004. The district court dismissed Mitchell's complaint as frivolous and for failing to state a claim under 28 U.S.C. § 1915(e)(2)(B).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews the dismissal of a complaint under § 1915(e)(2)(B)(i) as frivolous for abuse of discretion. <u>Geiger v. Jowers</u>, 404 F.3d 371, 373 (5th Cir. 2005). This court reviews the dismissal of a complaint under § 1915(e)(2)(B)(ii) for failure to state a claim under the same de novo standard of review applicable to dismissals made pursuant to FED. R. CIV. P. 12(b)(6). <u>Harris v. Hegmann</u>, 198 F.3d 153, 156 (5th Cir. 1999). Because the dismissal referred to both sections of the statute, review will be de novo. See <u>Geiger</u>, 404 F.3d at 373.

To prevail on a claim under § 1983, a plaintiff must show that the defendant deprived him of a right secured by the Constitution and laws of the United States while acting under color of state law. <u>Manax v. McNamara</u>, 842 F.2d 808, 812 (5th Cir. 1988). To establish a failure-to-protect claim, an inmate must show that he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." <u>Neals v. Norwood</u>, 59 F.3d 530, 533 (5th Cir. 1995) (citing <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994)).

Mitchell's allegations that Lt. Woodard knew of animosity between Mitchell and Kidd and that the animosity would result in a spontaneous attack is not supported by any specific factual allegation and is conclusional. See <u>Brinkmann v. Johnston</u>, 793 F.2d 111, 113 (5th Cir. 1986). On appeal, Mitchell has pointed to no specific factual allegation made in the district court that

supports his assertion that Woodard was aware of any excessive risk to Mitchell's safety posed by Kidd. At best, Mitchell's allegations show that Kidd saw and seized a chance opportunity when Woodard brought Mitchell to the shower in restraints.

For the first time on appeal, Mitchell alleges that Woodard did not attempt to stop the assault by Kidd. This alleged fact was not presented to the district court and will not be considered by this court. Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999). The district court did not err in dismissing Mitchell's claim.

AFFIRMED.