United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30733
Conference Calendar

_____

EUGENE JARROW, On behalf of his minor Children, Dejuane
Walker, Eugene Walker, Dephen Walker,

                                    Plaintiff-Appellant,

versus

EDDIE J. JORDAN, JR., District Attorney for Orleans Parish;
CALVIN JOHNSON, Judge, Orleans Criminal District Court;
HARRY CONNICK, Ex-District Attorney for Orleans Parish;
MICHAEL CAPDEBOSCQ, Assistant District Attorney; DONNA R.
ANDRIEU, Assistant District Attorney; MICHAEL VITT, Attorney
at Law,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CV-3120
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Eugene Jarrow, Louisiana prisoner # 89912, appeals the

dismissal of his 42 U.S.C. § 1983 and 28 U.S.C. § 2254 claims,

which alleged that the defendants conspired to violate Jarrow's

civil rights by seeking to retry his 1979 armed robbery charge

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

after it was determined in 2003 that his original guilty plea was invalid pursuant to Boykin v. Alabama, 395 U.S. 238 (1969).

Applying the de novo standard of review, we affirm the dismissal of Jarrow's § 1983 claims against Judge Calvin Johnson and the district and assistant district attorneys on grounds of absolute judicial and prosecutorial immunity. See Dennis v. Sparks, 449 U.S. 24, 27 (1980); Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976). We also affirm the dismissal of Jarrow's § 1983 claims against private attorney Michael Vitt; Jarrow's allegations of a conspiracy among the defendants to violate his civil rights are purely conclusional and therefore insufficient to establish § 1983 liability for a private actor. See Brinkmann v. Johnston, 793 F.2d 111, 112 (5th Cir. 1986). Given that none of the defendants are subject to suit, we pretermit discussion of the issues whether Jarrow had the requisite capacity to bring suit on behalf of his minor children and whether the § 1983 claims were otherwise barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Jarrow does not challenge the district court's finding that his § 2254 claims were subject to dismissal without prejudice for failure to exhaust state court remedies. As such, he has waived review of the exhaustion issue. See Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999).

Jarrow's appeal lacks arguable merit and therefore is dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707

F.2d 215, 219-20 (5th Cir. 1983). The district court's dismissal of the § 1983 claims as frivolous and our dismissal of this appeal count as two strikes for purposes of 28 U.S.C. § 1915(g). See Patton v. Jefferson Corr. Ctr., 136 F.3d 458, 463-64 (5th Cir. 1998); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Jarrow is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.