United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60601
Summary Calendar

_____

SIDNEY STALLWORTH

Plaintiff - Appellant

v.

LARRY GREER, UNKNOWN THOMAS, UNKNOWN BONNER, UNKNOWN EPPS

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:05-CV-127
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Sidney Stallworth, Mississippi prisoner # 45129, filed a
42 U.S.C. § 1983 complaint alleging that he was denied his due
process rights in connection with a Rule Violation Report (RVR)
for which he received 20 days of isolated lockdown and a decrease
in custody status. The district court dismissed the complaint
for failure to state a claim because there was no liberty
interest involved and thus no constitutional violation.
Stallworth timely appealed the district court's dismissal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Stallworth contends that the district court used an incorrect legal standard in determining that he had failed to state a claim. He does not, however, explain what standard should have been used. The district court correctly found that Stallworth failed to state a claim of a due process violation with regard to the RVR. See Sandin v. Conner, 515 U.S. 471, 486 (1995); Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995).

Stallworth argues that he stated a claim of retaliation against the prison's law library clerk. Stallworth's allegation in the district court was that the library clerk was discriminating against him. We do not consider this new claim raised for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). Stallworth did allege retaliation by the prison commissioner, but he did not state a claim of a constitutional violation as he did not allege any facts showing a retaliatory motive on the part of the commissioner. See Moody v. Baker, 857 F.2d 256, 258 (5th Cir. 1988); Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986). Nor did Stallworth carry his burden of persuasion when he sought global injunctive relief from retaliation by prison officials. See PCI Transp., Inc. v. Fort Worth & Western R. R. Co., 418 F.3d 535, 545 (5th Cir. 2005); Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991).

Stallworth asserts that the prison commissioner's response to Stallworth's grievances amounted to an Eighth Amendment

violation.  Stallworth's allegations did not state such a violation by the commissioner, however, as he did not allege conditions that would satisfy the objective component of an Eighth Amendment violation.  See Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999); Novak v. Beto, 452 F.2d 661, 665 (5th Cir. 1971).  We decline to consider any Eighth Amendment claims that Stallworth raises for the first time on appeal against any other defendants.  See Leverette, 183 F.3d at 342.

Stallworth argues that the actions taken by the defendants against him violate his rights under the Americans with Disabilities Act (ADA).  Stallworth has not established an ADA violation, however, because he has failed to show that the fact that he is housed in a special needs facility renders him disabled within the meaning of the ADA.  See Lightbourn v. County of El Paso, Texas, 118 F.3d 421, 428 (5th Cir. 1997).

Finally, Stallworth maintains that the district court erred in failing to conduct a Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), hearing prior to dismissal.  Stallworth does not state what additional facts would have been brought out during a Spears hearing.  See Eason v. Thaler, 14 F.3d 8, 10 (5th Cir. 1994).  Thus, he has not shown that the district court abused its discretion in this regard.

We have reviewed the record and Stallworth's brief on appeal, and we conclude that the district court did not err in dismissing Stallworth's complaint for failure to state a claim.

See § 1915(e)(2)(B)(ii); Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999); Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998).  We therefore affirm the judgment of the district court.

The district court's dismissal of Stallworth's complaint for failure to state a claim counts as a strike under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  Stallworth has had one other civil action dismissed for failure to state a claim.  See Stallworth v. Johnson, No. 4:00-CV-299 (N.D. Miss. July 19, 2001).  Stallworth is cautioned that if he accumulates three strikes under § 1915(g), he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.