# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2007

Charles R. Fulbruge III
Clerk

No. 06-10890
Summary Calendar

CARNELL CORNELIUS ROLLINS,

Plaintiff-Appellant,

v.

BRYAN COLLIER, Dir Board of Pardons and Paroles; MICHAEL HALEY, PAROLE OFFICER, TDCJ,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-1207

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Carnell Cornelius Rollins filed a pro se action against the appellees under 42 U.S.C. § 1983 arising from his classification and supervision on parole as a sex offender. The district court dismissed his claims under Federal Rule of Civil Procedure 12(b)(6).

Rollins asserted in the district court that he was denied due process because he was never convicted of a sex crime and did not receive a hearing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

before being designated as a sex offender. The district court did not err in concluding that Rollins had failed to assert sufficient facts to support a due process claim against defendant Michael Haley. Additionally, Rollins has abandoned his due process claim against Brian Collier by failing to brief the issue on appeal. Priester v. Lowndes County, 354 F.3d 414, 420 n.6 (5th Cir. 2004)(citing Cousin v. Trans. Union Corp., 246 F.3d 359, 373 n.22 (5th Cir., cert. denied, 534 U.S. 951 (2001))("an appellant abandons all issues not raised and argued in its initial appellate brief").

Rollins also asserted in the district court that his rights under the Ex Post Facto Clause were violated by the retroactive application of statutory provisions requiring parolees to submit to house arrest and imposing several other conditions upon sex offenders. He asserts that Brian Collier and Rissie Owens are the proper defendants for this claim. Rollins has failed to identify any error in the district court's finding that the retroactive application of the provisions did not violate the Ex Post Facto Clause; thus, he has abandoned that claim. See Priester, 354 F.3d at 420 (5th Cir. 2004)(citing Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986))("Allegations that are merely conclusory, without reference to specific facts, will not suffice"). Further, we find no error in the court's ex post facto analysis. See Smith v. Doe, 538 U.S. 84, 92, 103-04 (2003).

Rollins also argues that the district court erred in denying leave to amend his complaint to add Rissie Owens as a defendant with respect to his ex post facto claim. We find no abuse of the district court's discretion given that the motion was not timely and that amending to add the meritless ex post facto claim was futile. See Test Masters Educational Services, Inc. v. Singh, 428 F.3d 559, 576 n.8 (5th Cir. 2005)(citing Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 (5th Cir. 1981))("A court may deny a motion for leave to amend if there is undue delay, bad faith or dilatory motive, undue prejudice or futility of the amendment").

In addition, Rollins asserts that the district court was required to review the magistrate judge's rulings because Rollins did not consent to have his claims determined by the magistrate judge. This argument is frivolous; the magistrate judge had authority to issue a report and recommendation, and the district court properly conducted a de novo review. See Carbe v. Lappin, 492 F.3d 325, 327 (5th Cir. 2007).

Finally, Rollins asserts for the first time that his probation officer knowingly used an electronic monitoring device that did not function properly. Absent extraordinary circumstances, we do not address issues raised for the first time on appeal. See Vogel v. Veneman, 276 F.3d 729, 733 (5th Cir. 2002).

AFFIRMED.