# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-20224
Summary Calendar

RAYMUNDO MALDONADO,

Plaintiff-Appellant,

v.

BRYAN COLLIER; PAMELA WILLIAMS,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-604

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Raymundo Maldonado, Texas prisoner #662281, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint in which he alleged that the defendants improperly extended his initial parole eligibility date from November 1997 to May 2005. The district court found that Maldonado had failed to state a claim recognized at law pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Maldonado contends that the defendants violated the Due Process Clause and impinged on his vested liberty interest in a properly-calculated parole

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

eligibility date. Texas has not created a constitutionally-protected liberty interest in parole or in the procedures attendant to parole decisions. See Creel v. Keene, 928 F.2d 707, 712 (5th Cir. 1991); Johnson v. Rodriguez, 110 F.3d 299, 305 (5th Cir. 1997); cf. Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000). Thus, to the extent that Maldonado seeks relief regarding alleged due process violations resulting from the parole review process, the district court did not err in denying his claim.

Maldonado additionally argues that the defendants violated the Equal Protection Clause because similarly-situated prisoners have had their initial parole eligibility dates calculated in consonance with the applicable Texas statutes. However, beyond conclusory allegations that similar prisoners have had their initial parole dates properly determined, Maldonado offers no specific facts in support of his assertions and therefore has failed to state a claim under the Equal Protection Clause. See Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986) (plaintiff in § 1983 action must state specific facts, not merely conclusory allegations, to support his claim); cf. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (finding that plaintiff alleging equal protection claim must show that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment).

Maldonado additionally suggests that the defendants violated the Separation of Powers doctrine. This argument concerns actions involving state branches of government. Thus, Maldonado has not stated established a federal constitutional violation based on the Separation of Powers doctrine. See Sweezy v. New Hampshire, 354 U.S. 234, 255 (1957).

The district court's dismissal of Maldonado's complaint for failure to state a claim counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Maldonado is cautioned that if he accumulates three strikes under § 1915(g), he may not proceed in forma pauperis

in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.